IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUPERSPEED GOLF, LLC., an Illinois limited liability company | ) ) ) Case no. 21-cv-353 |
| Plaintiff, | ) ) |
| v. | ) ) |
| SWING SPEED GOLF, LTD., an English private limited company, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

SUPERSPEED GOLF, LLC., an Illinois limited liability company, ("Superspeed Golf") complains of SWING SPEED GOLF, LTD, an English private limited company, ("Swing Speed Golf"), as follows:

### The Parties

1.      Superspeed Golf is a registered Illinois limited liability company.

2.      Superspeed Golf has a well-established business that includes its golf training apparatuses and related training. The company also engages in research and development for various sports performance products including tennis, golf, and baseball to increase their customers' performance.

3.      Upon information and belief, Swing Speed Golf is a registered English private limited company with the Companies House of the United Kingdom. Their principal place of business is at 23 Granary Court, Consett, DH8 6FF, United Kingdom.

4.      Swing Speed Golf has made its products available in Illinois, through interactive commercial Internet stores operating on Amazon.com. Exhibit 1.

1

**Jurisdiction & Venue**

5.      This is an action concerning trademark infringement and unfair competition.

6.      This Court has jurisdiction over the trademark infringement and unfair competition causes of action under 28 U.S.C. § 1331 in that this is a civil action arising under the laws of the United States.

7.      This Court also has jurisdiction under 28 U.S.C. § 1338(a), in that this action arises under an Act of Congress relating to trademarks, and as to the Lanham Act unfair competition claim, under 28 U.S.C. §1338(b), in that the claim is joined with a substantial and related claim under the trademark laws of the United States.

8.      This Court has jurisdiction over the claims that arise under the laws of the State of Illinois under 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9.      The Court has personal jurisdiction over Swing Speed Golf because it directly targeted customers in the United States, including Illinois, through the fully interactive, commercial Internet stores operating on Amazon.com. Exhibit 1. It has targeted sales from Illinois residents by operating those stores that offer shipping to the United States, including Illinois, accepting payments in U.S. dollars, and, upon information and belief, has sold products infringing Superspeed's trademarks. The Defendant is committing tortious acts, is engaging in interstate commerce, and has wrongfully caused substantial injury in Illinois.

10.     For these same reasons, Venue is proper in this Court under 28 U.S.C. § 1391.

**Facts common to all counts**

<u>Founding and growth of Superspeed Golf</u>

11.     The idea for Superspeed Golf came in the fall of 2012 when the team behind the brand witnessed the training concept of overload/underload in baseball pitchers.

12.     The baseball pitchers were using heavier and lighter baseballs to increase and have better control over their throwing velocity.

13.     The Superspeed Golf team immediately began research on how this concept could be applied to the golf swing leading to the Superspeed Golf training system that included several innovations to the golfing world.

14.     After two years of concept development, Superspeed Golf was launched in the fall of 2014 and has since became the number a trusted brand in golf training around the world.

15.     Superspeed sells to clients in over forty countries with them reaching around 38,000 units sold in 2019 alone and reaching 100,000 units sold over their lifetime in 2020.

16.     Because of this success, Superspeed has been able to grow to a staff and deals with many international partners.

17.     Others, having apparently seen Superspeed's success, chose to adopt the same business model and similar training products and protocols.

18.     While this competition is healthy, certain companies engage in unfair competition by infringing its trademarks.

19.     This action has been filed to combat trademark infringement and unfair competition who trade through creation of consumer confusion as to the source of goods and services not only damaging Superspeed monetarily, but also damaging goodwill in its brand, and damaging consumers who are confused and purchase Swing Speed products believing them to be Superspeed's.

<u>Superspeed Golf's relevant rights</u>

20.     Superspeed Golf owns a registration for the mark Superspeed Golf for Golf training equipment, namely clubs and specially adapted weight attachments as well as Golf instruction and training. The United States Patent and Trademark Office ("USPTO") issued registration number

3

5220806 for this trademark registration. It also owns application serial number 88299120 for Superspeed Certified (and Design) for golf instruction and training in Class B.

21. Superspeed Golf has extensive common law rights in SUPERSPEED GOLF for its products and services.

22. Superspeed Golf's marks are distinctive.

23. Superspeed Golf did not authorize Swing Speed Golf's use of its marks.

<u>Swing Speed Golf's formation and infringing activities</u>

24. Upon information and belief, Swing Speed Golf was formed on September 20th, 2018 with the Companies House of the United Kingdom.

25. In September 2019, Superspeed Golf contacted Swing Speed Golf and advised it of its relevant trademark rights and registrations, including in the United States.

26. After that letter, Superspeed Golf either began or continued offering and offering its products for sale in the United States, including Illinois, on Amazon.com. <u>Exhibit 1</u>.

27. Upon information and belief, Swing Speed Golf sold products in the United States through this channel. This is supported by customer ratings by Amazon-verified purchasers.

**Count I**
**Trademark Infringement**
**15 U.S.C. § 1114**

28. Superspeed Golf incorporates all the allegations above as if restated here.

29. Swing Speed Golf's use of the SWING SPEED GOLF brand is likely to cause consumer confusion with Superspeed Golf's SUPERSPEED GOLF marks.

30. Swing Speed Golf's use of the SWING SPEED GOLF's brand is use "in commerce" under the Trademark Act.

31. Swing Speed Golf's SWING SPEED GOLF brand and the SUPERSPEED GOLF mark are similar in sight, sound, and commercial impression. Both begin with S, both end in SPEED GOLF,

4

each rely on the alliterative quality of the /s/ sound – a literary device known as sibilance, and are the same number of syllables and letters.

32.     Swing Speed Golf markets goods and services very similar to or identical to those covered under Superspeed Golf's marks.

33.     Swing Speed Golf's use of the Swing Speed Golf's brand in connection with the sale or advertising of its goods or services is likely to cause confusion as to the source, sponsorship, affiliation, or approval of the goods or services.

34.     Swing Speed Golf persisted in using the Swing Speed Golf brand in the United States to sell the very same products Superspeed Golf sells after receiving notice that the use was infringing.

35.     Superspeed Golf has been damaged by these infringing activities at an amount to be determined through discovery.

36.     Upon information and belief, Swing Speed Golf's actions were willful, knowing, and intentional.

**Count II**
**Unfair Competition Under 15 U.S.C. § 1125(a)**

37.     Superspeed Golf incorporates all the allegations above as if restated here.

38.     Swing Speed Golf's use of the Swing Speed Golf brand is likely to cause confusion or mistake and cause consumers to believe that Swing Speed Golf is connected to, associated with, or affiliated with Superspeed Golf or that Swing Speed Golf's goods and services were sponsored or approved of by Superspeed Golf.

39.     Swing Speed Golf persisted in using the Swing Speed Golf brand after receiving notice that the use was likely to cause consumer confusion.

40.     Upon information and belief, Defendants' actions were willful, knowing, and intentional.

41.     Superspeed Golf has been damaged by these infringing activities in an amount to be determined through discovery.

**Count III**
**Violation of the Illinois Uniform Deceptive Trade Practices Act 815 ILCS § 510, et seq.**

42.　　Superspeed Golf incorporates all the allegations above as if restated here.

43.　　Swing Speed Golf has engaged in acts violating Illinois law, including, but not limited to, causing a likelihood of confusion or misunderstanding about the source of its goods offered for sale in Illinois.

44.　　This violates the Illinois Uniform Deceptive Trade Practices Act.

45.　　Swing Speed Golf's conduct caused Superspeed Golf to suffer damage to its reputation and goodwill.

46.　　Swing Speed Golf has obtained profits it would not have otherwise realized absent infringement of Superspeed Golf's marks.

**Request for relief**

WHEREFORE, Superspeed Golf requests that this Court enter judgment against Swing Speed Golf, as follows:

A.　　Entering Judgment against Swing Speed Golf and for Superspeed Golf on all counts;

B.　　Finding Swing Speed Golf's activities were conducted willfully and for profit;

C.　　Awarding Superspeed Golf profits and the damages resulting from Swing Speed Golf's infringing conduct;

D.　　Awarding Superspeed Golf profits and the damages resulting from Swing Speed Golfs acts of unfair competition;

E.　　Awarding Superspeed Golf treble, punitive, or otherwise enhanced damages, as available, for Swing Speed Golfs willful acts;

F.　　Finding that this case is an "exceptional case" under the Lanham Act;

G.　　Award Superspeed Golf its costs of suit and attorneys' fees to have and recover from Swing Speed Golf; and

H.    Grant Superspeed Golf such other and further relief as justice requires.

## Jury Demand

Superspeed Golf demands a trial by jury on all triable issues under Federal Rule of Civil Procedure 38.

Respectfully submitted,
Superspeed Golf, LLC., by,

/s/ Jonathan LA Phillips
Jonathan LA Phillips
Attorney at Law
4541 North Prospect Road
Suite 300A
Peoria Heights, Illinois 61616
Tel:   (309) 598-2028
Email: jon@jlaplaw.com
Attorney for Superspeed Golf, LLC.